PER CURIAM:
This claim was submitted for decision upon a written stipulation that respondent is liable to claimant in the amount of $13,139.81, based upon the following facts.
On or about February 3, 1984, respondent issued a Notice to Contractors inviting bids for the construction of the Litwar Bridge and approaches to be constructed at Litwar, West Virginia. Turman Construction Company requested a Contractor’s Proposal form from respondent. The contractor’s proposal form specified that an Acrow Panel Bridge span be used. This specification erroneously was issued in spite of respondent’s knowledge that the Mabey and Johnson Universal Bridge was equal to or better than the Acrow Panel Bridge in terms of quality, and met all of respondent’s requirements.
Upon receiving notice that respondent was soliciting bids for construction of the Litwar Bridge, claimant furnished a quotation to *238 Turman Construction Company for the Mabey Universal Bridge. Although Turman’s bid documents specified use of the Acrow bridge, claimant’s quotation to furnish a Mabey bridge was utilized by Turman in computing the amount of its bid with the understanding that, if Turman were awarded the project, it would seek respondent’s permission to substitute the Mabey bridge.
Turman was the low bidder and the contract was entered into on or about March 26, 1984. Following execution of the contract which did not provide for the substitution of equal or better products, Turman requested permission to substitute the Mabey for the Acrow bridge. Despite the fact that respondent was advised as to the particulars of the Mabey bridge, respondent refused any substitution on the ground that it lacked authority to authorize the change. Were it not for this refusal, Turman would have utilized the Mabey bridge.
Respondent is required by W.Va. Code §17-4-20 to award construction contracts for roads and bridges “ ‘to the lowest responsible bidder for the type of construction selected.’ ” The specification calling for the bridge manufacturer to be Acrow Corporation of America, as construed by respondent to not allow any equal or substitute product, is a proprietary specification violating public bidding requirements.
As a result of respondent’s actions, claimant has incurred losses in the form of lost profits and expenses incurred with respect to work and negotiations regarding the Litwar Project. The total amount of these expenses, as itemized in the written stipulation, is $13,139.81. In view of the foregoing, the Court makes an award to claimant in the amount of $13,139.81.
Award of $13,139.81.